USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/20/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

CHARLES HUGGINS,

Defendant.

13-Cr-155 (SHS)
18-Cv-5433 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Petitioner Charles Huggins brings this petition pursuant to 28 U.S.C. § 2255 to vacate his sentence of 120 months' imprisonment on the grounds that he was denied effective assistance counsel during plea negotiations and at trial. For the reasons set forth below, petitioner's motion is denied.

As a preliminary matter, the government contends that petitioner has waived his claims of ineffective assistance of counsel by not raising them on direct appeal. This argument simply ignores a United States Supreme Court case directly refuting it. In *Massaro v. United States*, the Supreme Court held that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." 538 U.S. 500, 504 (2003). *Massaro* noted that in most cases, it is actually preferable to decide a claim of ineffective assistance on a petition brought under Section 2255, a position to which the U.S. Court of Appeals for the Second Circuit has consistently subscribed. Indeed, on the appeal from Huggins's conviction, the Second Circuit affirmed his conviction and remanded the case to the district court for resentencing without certain guidelines enhancements. *United States v. Huggins*, 844 F.3d 118 (2d Cir. 2016). At the same time, citing its "baseline aversion to resolving ineffectiveness claims on direct review," *United States v. Huggins*, 666 F.

1

App'x 88, 91 (2d Cir. 2016) (internal citations omitted), it "decline[d] to address" Huggins's claims of ineffective assistance of his sentencing counsel and stated that "the 'preferable' mechanism 'for deciding claims of ineffective assistance'" was to "seek relief under 28 U.S.C. § 2255." *Id.* (quoting *Massaro*, 538 U.S. at 504). Thus, Huggins has not waived the claims he asserts in this petition.

## I. BACKGROUND

### A. Conviction, Appeal, and Sentence

After a two-week jury trial presided over by this Court, Huggins was convicted in October 2014 of wire fraud and conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349. At trial, it was established that Huggins ran a fraudulent scheme where he took money from victims under the pretense of using those funds to invest in various purported ventures, including diamond mining in Liberia and Sierra Leone, but instead used the money to fund a lavish lifestyle for himself. Huggins's lead counsel – both prior to and during trial – was Brian Blaney, Esq.

On May 13, 2015, Huggins was sentenced to 120 months' imprisonment and three years' supervised release. The Second Circuit affirmed his conviction on appeal but remanded the sentence. *United States v. Huggins*, 666 F. App'x 88 (2d Cir. 2016); *United States v. Huggins*, 844 F.3d 118 (2d Cir. 2016). Upon resentencing on June 15, 2017, Huggins was sentenced to 100 months' imprisonment together with three years' supervised release. He is currently serving that sentence.

### B. Huggins's Allegations of Ineffective Assistance of Counsel

2

Huggins's claims of ineffective assistance of counsel fall under two general categories: (1) Blaney's alleged ineffectiveness during plea discussions and (2) Blaney's alleged ineffective performance at trial.

Huggins's claims of ineffectiveness during plea discussions are summarized in two letters he wrote to the Court around the time of his resentencing in June 2017. In a letter dated June 11, 2017, Huggins wrote:

> The Government extended me a plea offer prior to trial. I could have long since put the matter behind me, had I accepted the offer. However, my attorney (at the time he informed me of the offer) refused to even discuss the offer in detail, stating that I would have to find another attorney to represent me if I was considering a plea... Had I known that I could end up with the ten year sentence I ultimately received, I would not have allowed my attorney to convince me to proceed to trial. Instead, I would have rejected his advice and resolved this matter without a trial.

(Pet'r's Mot., Ex. C.)[1] On June 26, 2017, referring back to his letter of June 11, he wrote:

> Defendant informed the Court that the Government had extended a considerably favorable plea offer (with a stipulated sentencing range of 18 to 24 months' imprisonment) which counsel failed to discuss with him. Defendant informed the Court that former counsel [i.e., Blaney] stated that he would remove himself from the case if Defendant considered disposing of the case by any means other than a trial. Counsel never disclosed the particulars of the plea offer, and advised Defendant that the Government's evidence established his actual innocence—not guilt. It only became apparent to defendant after trial that [trial counsel's advice] and misconduct was motivated by his counsel's desire to collect substantial fees that he would be entitled to only by virtue of a jury trial. Defendant informed the court that, but for counsel's

---

[1] Huggins's attorney at his resentencing, Jonathan Savella, Esq., explicitly repudiated this letter by saying it was not in fact written by Huggins and was sent without his authority to the Court as follows:

> I did get in to see [Huggins] yesterday and he tells me that he did not intend for this letter to be sent to the Court. It was written by somebody that was in his unit, a jail house lawyer, if you will, who he was talking to in the unit who said or apparently told him that he could get points off his guidelines for failing to take or for poor advice with regard to plea bargaining... So, this letter, well to put it simply, we repudiate it and, again, my understanding is that he believed that the jailhouse lawyer was going to send it to me for my review but, instead, this individual opted to send it directly to the Court.

(Resentencing Tr., 8.)

3

unprofessional behavior, he would have accepted the Government's plea offer and would long since have been released from prison.

(Pet'r's Mot., Ex. D.) In his affidavit dated June 8, 2018, filed as part of this motion, Huggins states that Blaney told him "that he didn't want me pleading guilty, and that if I sought to, he would 'quit.'" (Pet'r's Mot., Ex. A.)

On counsel's alleged ineffectiveness at trial, Huggins bemoans that his attorney was constrained to a wheelchair and asserts a veritable grab bag of grievances. Specifically, he claims Blaney (1) was "unprepared to commence cross-examination because documents [were] not in the courtroom," (2) "ask[ed] objectionable, barely comprehensible questions," was "inaudible and unintelligible" and "paus[ed] for significant periods of time between questions while looking for documents," (3) attempted "to adduce inadmissible hearsay" and introduce inadmissible exhibits, (4) "repeatedly fail[ed] to turn over… discovery materials" and other defense disclosures to the government, (5) "buil[t] a defense trial strategy in reliance upon unobtainable or inadmissible, irrelevant, consuming, and misleading character, substantive, and expert witness testimony," (6) made "false statements to the court regarding communications with a witness and scheduling," (7) "fail[ed] to secure the deposition testimony of a defense witness while they were in the United States," and (8) "conduct[ed] a self-described 'inadequate' summation." (Pet'r's Mem. at 2, 5-6, 13-14.)

Petitioner requests that his sentence be vacated as a result.

## II.    DISCUSSION

To establish ineffective assistance of counsel, Huggins must show (1) that his attorney's representation fell below "an objective standard of reasonableness" under "prevailing

4

professional norms" and (2) that he was prejudiced as a result of the allegedly defective conduct. *Strickland v. Washington*, 466 U.S. 668, 687-88, 693 (1984).

## A. Huggins's argument that Blaney was ineffective in plea discussions fails because petitioner has not suffered prejudice.

To establish prejudice, Huggins must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. With respect to sentencing, "the defendant must show a reasonable probability that, but for counsel's substandard performance, he would have received a less severe sentence." *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013). "Even a petitioner who establishes that his attorney has failed to convey a plea offer must still prove prejudice to successfully raise an ineffective assistance of counsel claim." *Melo v. United States*, 825 F. Supp. 2d 457, 462 (S.D.N.Y. 2011) (citing *Pham v. United States*, 317 F.3d 178, 182 (2d Cir.2003)). The Supreme Court has advised that "[t]he object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697. The Court will indeed follow the Supreme Court's lead.

The plea offered to Huggins by the government, dated and sent to Brian Blaney on August 19, 2014, consisted of a stipulated guidelines range of 97 to 121 months' imprisonment. (Resp't's Mem. in Opp'n, Ex. A.) The defendant was ultimately sentenced to 100-months' imprisonment. Therefore, even assuming *arguendo* counsel's performance during plea discussions was subpar – and the Court is not reaching the issue – there is no "reasonable probability that, but for counsel's substandard performance, he would have received a less severe sentence." *Gonzalez*, 722 F.3d at 130. Courts in this District have found even sentencing

5

disparities of two to three years between a rejected or hypothetical plea deal and the Section 2255 petitioner's actual sentence to be non-prejudicial in the *Strickland* context. *See, e.g., Alkhabbaz v. United States*, No. 12 CIV. 4801 LAP, 2014 WL 7190874, at *6 (S.D.N.Y. Dec. 5, 2014) (finding a 34-month difference to be non-prejudicial and collecting cases from this District). Here, there is no meaningful disparity whatsoever.[2]

The government and petitioner both state in their briefs that the August 19, 2014 offer was the only offer issued by the government to Huggins. (*See* Resp't's Mem. in Opp'n, at 33 ("[t]his was the only plea offer issued by the Government to Huggins"); Pet'r's Reply Mem., at 5 ("the Government's singular plea agreement called for a non-advisory sentencing Guidelines range of 97-121 months.")) Although there is a cursory mention in Huggins's June 26, 2017 letter of a plea offer with a stipulated sentencing range of 18 to 24 months' imprisonment, there is no mention of this offer in Huggins's affidavit or in any of Huggins's attorney's submissions on this petition. Even in the context of statements made under oath, "[i]n most circumstances a convicted felon's self-serving testimony is not likely to be credible." *Purdy v. Zeldes*, 337 F.3d 253, 259 (2d Cir. 2003). Not a smidge of evidence has been provided suggesting that there was such an offer, and this Court will accordingly assign no weight to its purported existence.

### B. Huggins's argument that Blaney was ineffective at trial fails both prongs of the *Strickland* test.

---

[2] The 100-month sentence is *within* the guidelines range encapsulated in the proposed plea deal, and on the low end of it. While the very low end of the guidelines range in the plea is 97 months, that is not sufficient to show prejudice. This is easily distinguishable from *Glover v. United States*, 531 U.S. 198 (2001), where the Supreme Court held that an increase in prison sentence of at least 6 months and up to 21 months, if resulting from a miscalculation in the sentencing guidelines range by defense counsel, constituted prejudice required for establishing ineffective assistance of counsel. Here, the sentence is well within the guidelines range of the proposed plea deal.

6

Even when taken all together, the alleged deficiencies in counsel's trial conduct do not amount to "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Nor is it the case that petitioner was prejudiced because "counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.*

This Court presided over the trial and cannot say that Huggins's attorney provided constitutionally deficient counsel. While the attorney at times entered and left the courtroom in a wheelchair, he sat in a courtroom chair while at the defense table and stood while participating in the trial proceedings. In short, he physically performed his duties as trial counsel for Huggins. Although Huggins alleges that whatever physical ailment Blaney suffered from began to deteriorate during trial and led to cognitive impairment, (*see* Pet'r's Mem. at 3,) he has provided no evidence for that assertion and the Court observed none.

In every criminal case counsel's actions are accorded a "strong presumption" of reasonableness. *Strickland*, 466 U.S. at 689. "Even the best criminal defense attorneys would not defend a particular client in the same way." *Id.* Ineffective assistance claims "are quite often the law's equivalent of 'buyer's remorse' or 'Monday morning quarterbacking' ... [and d]ecisions by criminal defense counsel are often choices among bad alternatives that are only rarely shown [to meet the *Strickland* standard]." *Mui v. United States*, 614 F.3d 50, 57 (2d Cir. 2010).

Huggins points to several specific instances of allegedly deficient conduct on the part of counsel, as noted above. Going through those allegations, it is clear that – both when taken individually as well as collectively – these contentions do not amount to deficient representation. For example, a single instance of trial counsel requesting a 10-minute break prior to commencing

7

a cross-examination (Tr. 462) or the Court requesting that counsel speak more loudly (Tr. 503) plainly do not demonstrate ineffectiveness.

When Huggins points to the portion of the trial transcript where the Court suggests that defense counsel ask questions more rapidly (Tr. 505), he neglects to point to the paragraph right above it, where the Court admonished the government for slowing the trial down by making too many objections (Tr. 504-05).[3] Regardless, pausing between questions does not constitute ineffective assistance of counsel. Similarly, a lawyer asking questions that lead to objections that are sustained, whether on hearsay or other grounds (Tr. 494, 499, 538, 568, 719, 1126), is par for the course at trial.

While it is true that the Court rebuked trial counsel for failing to turn over materials such as witness and exhibit lists until the trial-day before the defense would commence its case (Tr. 717-19), that does not suffice to show that counsel provided ineffective assistance to Huggins. If anything, the government would have been the party inconvenienced by such delay.

Huggins notes several occasions where trial counsel attempted to call a witness but was ultimately prevented from doing so either because the Court precluded the testimony as irrelevant or the proposed witness communicated through his lawyer that he intended to assert his Fifth Amendment right not to testify (Tr. 969, 1039-41, 1272-73). This also does not rise to ineffective assistance of counsel. Even if the Court had not precluded any testimony, "[a] failure to call a witness for tactical reasons of trial strategy does not satisfy the standard for ineffective assistance of counsel." *United States v. Eyman*, 313 F.3d 741, 743 (2d Cir. 2002) (citing *United*

---

[3] Similarly, Huggins also points to counsel putting on the record that he had apologized to his client for an "inadequate" summation (Tr. 1459-60), but he neglects to mention that the Court noted in reply that "all counsel covered the relevant bases in their summations and in their opening[s]" (Tr. 1460).

8

*States v. Luciano*, 158 F.3d 655, 660 (2d Cir.1998)). The same reasoning applies to counsel's failure to take a defense witness's deposition abroad based on a reliance on that witness's assertion that he would be available to testify at trial (Tr. 1209-10). "[I]n case after case, we have declined to deem counsel ineffective notwithstanding a course of action (or inaction) that seems risky, unorthodox or downright ill-advised." *Tippins v. Walker*, 77 F.3d 682, 686 (2d Cir. 1996).

The complained-of conduct, even collectively, does not overcome the strong presumption that trial counsel acted reasonably in the moment. To hold otherwise would be impermissible "Monday morning quarterbacking." *Mui*, 614 F.3d at 57.

Petitioner's claim of ineffective assistance at trial also cannot satisfy the second prong of the *Strickland* test because he was not prejudiced as a result of his counsel's conduct. Not only was his counsel's conduct within the realm of reasonableness, as set forth above, but the evidence against Huggins was substantial – even overwhelming – and included trial testimony from numerous victims and a co-conspirator as well as extensive documentary evidence authored by Huggins himself. In sum, there was no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### C. Huggins is not entitled to an evidentiary hearing.

A petitioner is entitled to an evidentiary hearing on his Section 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A hearing is warranted if the motion "set[s] forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved

9

at a hearing, would entitle him to relief." *Gonzalez*, 722 F.3d at 131. Section 2255 "does not imply that there must be a hearing where the allegations are 'vague, conclusory, or palpably incredible.'" *Id.* at 130-31.

Huggins is not entitled to an evidentiary hearing here because even if all of his allegations are true, he has not made out a plausible claim of ineffective assistance of counsel under *Strickland*. As set forth above, he has not suffered prejudice from any hypothetical ineffective assistance of counsel during plea discussions, and he has failed to demonstrate the ability to establish a "*prima facie* case for relief," *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009), under *Strickland* for his assertions of ineffective assistance of counsel at trial. There are simply no "controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Gonzalez*, 722 F.3d at 131. Huggins's request for an evidentiary hearing is therefore denied.

## III. CONCLUSION

For the reasons set forth above, Huggins's petition is denied. Because Huggins has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111-13 (2d Cir. 2000). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445-46 (1962).

Dated: New York, New York
February 20, 2019

SO ORDERED:

*Sidney H. Stein*

Sidney H. Stein, U.S.D.J.

10